IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JENNIFER HAZLEWOOD, | § § | |
| Plaintiff, | § § | |
| V. | § § | Civil Action No. |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | § § § § | 4:23-CV-00328-P |
| Defendant. | § § | |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES JENNIFER HAZLEWOOD, hereinafter referred to as Plaintiff, complaining of ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, (hereinafter referred to as ("ALLSTATE") or ("Defendant"), and for cause of action would respectfully show the Court the following:

### I. PARTIES

1. Plaintiff is an individual and a resident of Benbrook, Tarrant County, Texas.

2. Defendant ALLSTATE is a foreign entity, doing business in the State of Texas and has previously made an appearance in this matter.

### II. JURISDICTION & VENUE

4. Plaintiff asserts her claim pursuant to 28 U.S.C § 2201.

5. On or about January 18, 2022, in Tarrant County, Texas, underinsured motorist Madeline Lacker failed to yield to the right of way of Plaintiff on the highway by merging into Plaintiff's lane when it was unsafe to do so causing a collision. The impact from the collision proximately

caused serious bodily injury to Plaintiff, from which she has not recovered. Each of the foregoing negligent acts or omissions whether taken singularly, or in any combination, were a proximate cause of Plaintiff's injuries and damages, which are described below with more particularity.

### IV. NEGLIGENT ACTIONS MADELINE LACKER

6.      On the occasion in question, MADELINE LACKER operated the vehicle in a negligent manner, in that he violated the duty which he owed to Plaintiff to exercise ordinary care in the operation of a motor vehicle in one or more of the following respects:

1. In failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;
2. In failing to yield to Plaintiff; and
3. Failing to control her speed, TEX. TRANSP. CODE § 545.351.

7.      Prior to the above-referenced occurrence, a policy of insurance was purchased from Defendant ALLSTATE which provides uninsured and underinsured ("UM/UIM") motorist coverage covering the vehicle JENNIFER HAZLEWOOD was driving at the time of the subject occurrence. Pursuant to the terms of said policy, Plaintiff is entitled to UM/UIM motorist benefits in the maximum amount of the policy limits. MADELINE LACKER's negligence was the proximate cause of the aforementioned occurrence. JENNIFER HAZLEWOOD' damages exceed the underlying liability policy of $50,000. MADELINE LACKER is an underinsured motorist as defined by the Allstate policy. Plaintiff subsequently made a claim with Defendant Allstate under the underinsured motorist coverage seeking the limits of the policy in the amount of $30,000.00. Plaintiff hereby sues for payment of the underinsured motorist coverage which she is entitled to by terms of the ALLSTATE policy to determine the benefits she is entitled to. Plaintiff has served Defendant ALLSTATE with notice of this claim, and proof of loss. All other conditions precedent

to maintaining this cause of action have been performed or have otherwise occurred. ALLSTATE has not offered Plaintiffs a prompt, fair, or equitable settlement.

### A. Declaratory Relief

8. Based on the foregoing facts, and pursuant to the policy of insurance in force and effect providing underinsured or uninsured motorist coverage for the subject incident and for the Plaintiff. Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 that she is entitled to recover from ALLSTATE her damages resulting from the subject motor vehicle collision, that MADELINE LACKER was an underinsured motorist, that Plaintiff's damages fall within the coverage afforded to her, and specifying the amount of damages, interest, and court costs that ALLSTATE is obligated to pay.

9. As described herein, MADELINE LACKER was negligent on the occasion in question.

10. MADELINE LACKER's negligence was the proximate cause of Plaintiff's damages.

## V. PLAINTIFF'S DAMAGES

11. As a direct result of MADELINE LACKER'S actions and omissions as described above, Plaintiff was as a direct and proximate result of MADELINE LACKER's actions and omissions as described above, Plaintiff was caused to suffer injuries. Plaintiff states that the below damages are in excess of the combined limits of the Madeline Lacker's policy of $50,000.00 and the UIM limits of $30,000.00 from the Defendant. Plaintiff, JENNIFER HAZLEWOOD, sustained the following damages:

- Reasonable and necessary medical expenses in the past;
- Reasonable and necessary medical expenses, which in all probability will be incurred in the future;
- Physical pain and suffering in the past and in all reasonable probability will continue to suffer in the future;

- Mental anguish in the past and in all reasonable probability will continue to suffer in the future;
- Disfigurement in the past and in all reasonable probability will continue to experience in the future; and
- Lost wages.

12. In addition to the damages described above, Plaintiff is entitled to recover from Defendant, prejudgment interest and post judgment interest at the rates prescribed by law.

## VI. DEMAND FOR JURY TRIAL

13. Plaintiff asserts her right under the Seventh Amendment to the United States Constitution and demands, in accordance with Fed. R. Civ. P.§ 38, a trial by jury.

## PRAYER

Plaintiff requests that upon final hearing, Plaintiff recover judgment against Defendant for such amounts as the trier of fact awards together with prejudgment and post judgment interest along with such other and further relief to which Plaintiff may be justly entitled and as provided by law.

Respectfully submitted,

**Deon Goldschmidt Attorneys, PLLC**

By: *A. T*

**Andy Truelove**
Texas Bar No. 24121173
1420 W. Mockingbird Lane, Suite 210
Dallas, Texas 75247
andy@dsgattorneys.com
Tel. (214) 845-7237
Fax. (214) 845-7511
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

This shall certify that a true and correct copy of the foregoing instrument has this day been served upon the following individuals through the electronic filing system of the court and by the manner indicated below on this April 18, 2023:

*Via Email and E-service CM/ECF*

**YOUNG C. JENKINS**
TBN: 24034505
P.O. Box 655441
Dallas, TX 75265
DallasLegal@allstate.com
Young.Jenkins@allstate.com
(972) 415-6363
(877) 678-4763 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY